# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  09 CV 02865-RPM-BNB

GARY D. BLEHM,

    Plaintiff,

v.

ALBERT A. JACOBS;
JOHN JACOBS;
THE LIFE IS GOOD COMPANY f/k/a LIFE IS GOOD, INC.;
LIFE IS GOOD WHOLESALE, INC.; and
LIFE IS GOOD RETAIL, INC.;

    Defendants.

## STIPULATED PROTECTIVE ORDER

    Plaintiff Gary D. Blehm ("Plaintiff") and Defendants Albert A. Jacobs, John Jacobs, The Life is good Company f/k/a Life is good, Inc., Life is good Wholesale, Inc., and Life is good Retail, Inc. (collectively, "Defendants") hereby stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of confidential information , and in support thereof, state as follows:

    1.    Purposes and Limitations.  By entering this Protective Order, the Court is not ordering that any confidential and/or proprietary information that is sought by any party in their requests for production and inspection is, or is not, subject to the disclosure and discovery process. Further, this Protective Order does not preclude any of the parties from seeking further protection from the Court before producing confidential and/or proprietary information that any party

believes may not be adequately protected by the provisions of this Protective Order, or from seeking leave to refuse production of such information.

2. Definitions. As used in this Protective Order, the word "Document" is used in the broadest sense and includes, without limitation, the following: all "writings," "recordings," "photographs," "originals," and "duplicates" as defined by Federal Rule of Evidence 1001 and shall also encompass and include graphic material; electronically stored information; recorded or transcribed testimony given in depositions or other proceedings in this Lawsuit; pleadings and other papers filed in this Lawsuit or served on the parties or their counsel; and documents and information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure. As used in this Protective Order, "Lawsuit" means this action and any appeals therefrom.

3. Confidential Information. A producing party may designate as "Confidential" any Document or information (regardless of how generated, stored or maintained) or tangible things that qualifies for protection under standards developed under Fed. R. Civ. P. 26(c).

4. Designation of Confidential Information. The designation of documents as "Confidential" for purposes of this Protective Order shall be made in the following manner by any party or nonparty:

    a. In the case of documents or other materials (apart from interviews, depositions or pretrial testimony), by placing or affixing on them (in a manner that will not interfere with their legibility) the word "CONFIDENTIAL."

b.  In the case of depositions or pretrial testimony, by a statement on the record, by counsel, at the time of such disclosure that said deposition or pretrial testimony, or any portion thereof, is "Confidential." Counsel shall direct the court reporter or counsel to affix the appropriate stamp to any portion of the original transcript and to that portion of all copies of the transcript, and those portions of the transcript so designated shall be deemed "Confidential." Although the designation shall be made on the record during the deposition whenever possible, a party may designate portions of depositions as "Confidential" after transcription, provided written notice of the designation is given to all counsel of record within twenty one (21) days after notice by the Court reporter of the completion of the transcript. The receiving party shall not be deemed to have violated this Protective Order with respect to any use of such deposition, pretrial testimony, or statement on the record prior to the designation of such material as "Confidential."

c.  In the case of mutually agreed upon joint witness interviews (should any be agreed to), by a statement by counsel during the interview in the presence of other counsel attending, if any, and, following the interview, by a letter to such counsel, if any, that such interview or any portion thereof is "Confidential."

d.  In the case of any other production of discovery material not otherwise covered by this Protective Order, a written statement, made by the

designating party's counsel to counsel for the other parties to this Lawsuit, that such discovery material or any portion thereof is "Confidential."

    e.    The parties to this Protective Order may modify the procedures set forth in paragraphs 4(b) – (c) through agreement of counsel on the record at such deposition or, in the case of an interview, in the presence of counsel attending such interview, without further order of the Court.

5.    Access to Confidential Information. Confidential Information shall not, without the consent of the party producing it or further Court order, be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part to any person *except* the following:

    a.    Counsel of record in the Lawsuit;

    b.    persons employed by or otherwise working for counsel of record in the Lawsuit whose assistance is required in connection with prosecuting or defending this Lawsuit;

    c.    third-party vendors retained by the parties or their counsel for the purpose of copying, scanning, microfilming, reorganizing, filing, coding, converting, storing, or retrieving Documents or related data;

    d.    individual parties;

    e.    witnesses who either authored or were sent the Confidential Information contained in such documents, as evidenced on the face of the document;

    f.    employees or other representatives of entity parties deemed necessary by counsel for assistance with the prosecution or defense of this Lawsuit;

g. expert witnesses and consultants retained in connection with this Lawsuit to the extent counsel has a reasonable and good faith belief that the disclosure is necessary for preparation, trial, or other proceedings in this Lawsuit;

h. deponents, witnesses, or potential witnesses to the extent counsel has a reasonable and good faith belief that such persons will be witnesses in this case and that the witnesses' examination with respect to the Confidential Information is necessary in connection with such testimony;

i. the Court and its employees;

j. stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this Lawsuit; and

k. other persons by written agreement of the parties.

Before disclosing any Confidential Information to any person listed in paragraphs 4.c. or 4.g above, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment substantially in the form of the attached Exhibit A that such person has reviewed a copy of this Protective Order, will comply with its terms in all respects, and will submit to the jurisdiction of the Court for adjudication of any dispute about whether such person has complied with the terms of this Protective Order. All such acknowledgments shall be retained by counsel.

6. Use of Confidential Information. Confidential Information shall be used only for the preparation and litigation of this Lawsuit, and shall not be disclosed or used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding or litigation. Subject to the Federal Rules of Civil Procedure and any other

applicable law, the use of Confidential Information in this Lawsuit (including in depositions, pleadings and other papers filed with the Court, written discovery responses, and trial) shall not cause the information to lose its confidential status.  All persons with access to and/or using "Confidential" Information produced by another party or a nonparty shall take all reasonable precautions necessary to ensure that no other person shall disclose or use such Information for any purpose that does not relate to this Lawsuit and or in any manner that is not permitted by this Protective Order.

7. Challenging Confidentiality Designations.  A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection, the party challenging the confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  The disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion.  In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

8. Timing of Challenges.  A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  The failure to object to the designation of information as Confidential Information for purposes of this Agreement shall not be construed as evidence that the

information is proprietary or confidential information for any purpose other than application and enforcement of this Protective Order.

9. Filing Confidential Information. Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Information. A party that seeks to file under seal any Confidential Information must comply with D.C.COLO.LCivR. 7.2 and 7.3.

10. Reservation of Rights. Nothing contained in this Protective Order shall affect the rights, if any, of the parties to make any objection, claim, or other response to any discovery request, subpoena, or question at a deposition, nor shall this Protective Order be construed as a waiver by the parties of any legally cognizable privilege to withhold any document or information, or of any right that the parties may have to assert such privilege at any stage of the Lawsuit. Nothing contained in this Protective Order and no action pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of Confidential Information produced or sought. Any ruling by the Court as to any discovery dispute shall not be deemed to be the law of the case as to any substantive matters except those set forth in the orders.

11. Confidential Information Subpoenaed or Ordered Produced in Other Litigation. If a party receives a request, including but not limited to a subpoena or an order issued in a legal or administrative proceeding, for the production of Confidential Information provided by another party or a nonparty, that party shall promptly, and in no event more than three (3) court days, notify the party or nonparty who provided the Confidential Information or its counsel. Such notification must include a copy of the subpoena or court order. The receiving party also must

immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

      12.      Inadvertent Disclosure of Confidential Information. In the event of an inadvertent disclosure by a party to another party of any Document that is subject to a claim by the producing party that the Document should have been marked "Confidential" but was not prior to copying and delivery of the Document to another party, or that that Document should have been withheld from disclosure as privileged or work product or by reason of some other limitation upon disclosure authorized by a court or the Federal Rules of Civil Procedure, the disclosure of such Document shall extend only to the Document so inadvertently disclosed or produced and shall not extend to or affect the right to designate as "Confidential," or to withhold from production as privileged or work product, any other Document, even though such Documents may relate to the same transaction or subject matter as the Document inadvertently disclosed. The producing party may, upon discovery of such inadvertent disclosure or production, request the marking of any such Document as "Confidential" and thereafter such Document and all

copies thereof shall be subject to the provisions of this Protective Order respecting the treatment of "Confidential" Information.

13. Unauthorized Disclosure of Confidential Information. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A

14. Inadvertent Disclosure of Privileged Information. Nothing in this Protective Order shall require production of information that any party or non-party contends is protected from disclosure by the attorney-client privilege or work product immunity. If a designating party inadvertently discloses to a receiving party information that is subject to the attorney-client privilege, the attorney work product doctrine, or that is otherwise immune from discovery, the designating party shall promptly upon learning of such disclosure so advise the receiving partying in writing and request that the item or items of information and all copies thereof be returned. No party to this action shall thereafter assert that such disclosure waived any claim of attorney-client privilege, attorney work product, or other immunity. It is further agreed that the receiving shall return such inadvertently produced item or items of information and all copies thereof within ten (l0) days of the earliest of (i) discovery by the receiving party of its inadvertent production; or (ii) receipt of a written request for the return of such item or items.

The party returning such inadvertently produced item or items of information may then move the Court for an Order compelling production of such information, but in so doing may not assert that the inadvertent production by the designating party waived any claim of attorney-client privilege, attorney work product, or other immunity.

15. Duration. This Protective Order shall inure to the benefit of and be binding on the successors or assigns of the parties. The termination of this Lawsuit shall not relieve any persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information , unless and until a designating party agrees otherwise in writing or a court order otherwise directs.

16. Final Disposition. Within sixty (60) days after the final termination of this Lawsuit, unless other arrangements are agreed upon, all parties that received Documents designated as "Confidential" Information by another party or by any nonparty shall either return those Documents to the producing party or destroy them and in addition shall destroy all copies of those Documents except deposition exhibits, exhibits to pleadings filed with the Court, and trial exhibits. If a party destroys Documents designated as "Confidential," it shall provide written certification confirming destruction to the producing party upon request. Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order.

17. Right to Further Relief. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this order.

18. Third Parties. Any third party producing documents in this case may avail themselves of the protected treatment provided for in this Protective Order for their documents or information by following the procedures provided herein.

Dated this 7th day of June, 2010.

**BY THE COURT:**

**s/Richard P. Matsch**

United States District Court Judge

So Stipulated:

*s/ Thomas P. Howard*
Thomas P. Howard
Wendi S. Temkin
Kenneth R. Morris
Garlin Driscoll Howard, LLC
245 Century Circle, Suite 101
Louisville, CO 80027
Phone: 303-926-42222
toward@gdhlaw.com
wtemkin@gdhlaw.com
kmorris@gdhlaw.com

Conor F. Farley
JP Martin
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
PO Box 8749
Denver, CO 80201-8749
Phone: 303-295-8000
cfarley@hollandhart.com

*Attorneys for Plaintiff*

*s/ Jared B. Briant*
Natalie Hanlon-Leh
Jared B. Briant
Faegre & Benson LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203-4532
Phone: 303-607-3588
nhanlon-leh@faegre.com
jbriant@faegre.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  09 CV 02865-RPM-BNB

GARY D. BLEHM,

    Plaintiff,

v.

ALBERT A. JACOBS;
JOHN JACOBS;
THE LIFE IS GOOD COMPANY f/k/a LIFE IS GOOD, INC.;
LIFE IS GOOD WHOLESALE, INC.; and
LIFE IS GOOD RETAIL, INC.;

    Defendants.

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND
## BY PROTECTIVE ORDER

    I, _____, declare under penalty of perjury:

    1.    I have read in its entirety and understand the Stipulated Protective Order in the matter of *Blehm v. Jacobs et al.*, Civil Action No. 09 CV 02865-RPM-BNB.

    2.    I agree not to make any disclosures of information, documents, tangible things, testimony, or other data marked or identified and produced as Confidential in this litigation to any person who is not permitted to have access under the Protective Order.  I further agree to use information, documents, tangible things, testimony or other data identified and produced as Confidential solely for purposes of this proceeding, but nothing contained herein shall preclude use or disclosure of any documents, data or information I already had before it was produced as Confidential in this litigation.

3. For purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

4. I agree to comply with and be bound by the terms of the Protective Order.

_____
Signature

_____
(Print or type name)

Address:

_____

_____

Telephone No.: (     ) _____