IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 09-cv-02865-RPM

GARY D. BLEHM,

    Plaintiff,
v.

ALBERT A. JACOBS,
JOHN JACOBS,
THE LIFE IS GOOD COMPANY f/k/a LIFE IS GOOD, INC.,
LIFE IS GOOD WHOLESALE, INC., and
LIFE IS GOOD RETAIL, INC.,

    Defendants.

---

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

    The Second Amended Complaint, filed January 14, 2010, alleges one claim of copyright infringement and one claim of contributory infringement. On April 6, 2011, the Defendants moved pursuant to Fed.R.Civ.P. 56 for summary judgment of dismissal. That motion has been fully briefed and arguments of counsel were heard on September 1, 2011.

    Plaintiff Gary Blehm ("the Plaintiff") is a commercial artist. In 1977, the Plaintiff began creating cartoon characters, which he named "Penmen." Penmen are stick figures, characterized by thick-lined bodies, large feet, disproportionately long legs, four fingers on each hand, round heads, and large half-moon shaped smiles. (Second Am. Compl. ¶ 11.)

    In 1989, the Plaintiff created a poster depicting more than 1,000 Penmen characters in a variety of poses. The black and white poster is a visual game that challenges the viewer to "Find

the Two Identical Penmen." In 1990, the Plaintiff created another Penmen poster having a golf theme and the title "Find the Fore Identical Penmen." The Plaintiff created additional versions of this visual art game in 1991, 1992 and 1993. The Plaintiff uses product codes to identify his works. The Plaintiff registered his Penmen posters with the United States Copyright Office.

The subject works are five posters identified as:

Poster C001, "Find the Two Identical Penmen," Registration No. VA 368 815 (Aug. 7, 1989), for "Cartoon Character Designs;"

Poster A001, "Find the Fore Identical Penmen," Registration No. VA 437 346 (Nov. 26, 1990), for "Modern Art Game;"

Poster C009, "Find the Fore Identical Penmen," Registration No. VA 607 539 (Aug. 16, 1993), for "Visual Art Puzzle;"

Poster D001, "Find the Two Identical Penmen," Registration No. VA 468 434 (Aug. 19, 1991), for "Art Game," and

Poster D002, "Find the Two Identical Penmen," Registration No. VA 482 967 (Dec. 19, 1991), for "Art Game."

(Defs.' Ex. G.)

Defendants Albert A. Jacobs, John Jacobs, the Life is good Company, Life is good Wholesale, Inc., and Life is good Retail, Inc. (collectively, "the Defendants") design, produce and sell tee-shirts and other products featuring a smiling stick figure known as "Jake." John and Albert Jacobs are brothers, and the name "Jake" is derived from their surname. In 1989, the Jacobs brothers began designing and selling tee-shirts in the Boston area. In 1994, they began selling tee-shirts featuring the Jake image and the phrase "Life is good." The Jacobs brothers incorporated the Life is good Company in 1997, and serve as officers of the company.

The Plaintiff alleges that the Defendants' "Jake character mimics the overall total concept and feel of the Penman characters," and that "Defendants' product line contains unlawful

elements of [the Plaintiff's] Copyrighted Works, including a substantially similar stylized cartoon character, substantially similar or identical themes and/or poses, and a substantially similar message of unbridled optimism and positivity." (Second Am. Compl. ¶¶ 31, 35.)  The Plaintiff has identified 67 Jake images ("the accused images") which the Plaintiff alleges were copied from his Penmen posters and infringe his copyrights.[1]

The Defendants argue that the Plaintiff's claim of copyright infringement fails for any one or all of the following reasons:  (1) undisputed evidence establishes that the Defendants independently created the accused images; (2) the Plaintiff's evidence is insufficient to show the Defendants' alleged copying of the copyrighted works, and (3) the accused images are not substantially similar to the protectable elements of the copyrighted works.

Independent creation is a complete defense to a claim of copyright infringement.  *See Whelan Assocs. v. Jaslow Dental Lab, Inc.*, 797 F.2d 1222, 1228 n.7 (3d Cir. 1986) ("The independent creation of even identical works is therefore not a copyright infringement, and independent creation is a complete defense to a claim of copyright infringement.")  Summary judgment on that ground is not appropriate because there are genuine factual disputes regarding the Defendants' alleged independent creation.

The question is whether the Plaintiff's evidence is sufficient to show unlawful copying. To establish a prima facie claim of copyright infringement, the Plaintiff must show that the Defendants (1) copied the Plaintiff's copyrighted works, and (2) copied protected elements of the copyrighted works.  *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir.

---

[1] In response to discovery the Plaintiff identified 88 Jake images as infringements.  The Plaintiff has narrowed his claim to 67 accused images.

1996). The Plaintiff must also show ownership of a valid copyright. The Defendants' motion does not challenge the Plaintiff's allegation that he owns valid copyrights for the posters.

A plaintiff can prove copying either by direct evidence or by showing the defendant's access to the copyrighted work and probative similarities between the copyrighted material and the accused material. *Id.* "On access, a plaintiff may meet his initial burden by showing that the defendant had a 'reasonable opportunity to view' or 'opportunity to copy' the allegedly infringed work." *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1490 (10th Cir. 1993) (quoting 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 13.02[A] & n. 5, at 13-15 to -16 (1992)).

The Plaintiff has provided evidence showing that during the period from 1990-93 (the years immediately preceding the Jacobs' creation of accused Jake images in 1994), Penmen posters were being sold and displayed in stores in the Boston area, in close geographic proximity to where John and Albert Jacobs were selling tee-shirts. The Plaintiff also points to similarities between the accused Jake characters and Penman characters, arguing that similar themes, poses and other details are evidence of copying.

The Plaintiff has come forth with sufficient evidence to support a finding that the Jacobs brothers had access to some of the subject works and an opportunity to copy them.

That does not end the inquiry. "Liability for copyright infringement will attach only where protected elements of a copyrighted work are copied." *Country Kids*, 77 F.3d at 1284.

Whether there has been copying of protected elements of copyrighted works is a mixed question of fact and law. *Id*. In this circuit, the "abstraction-filtration-comparison" test must be applied to identify unprotected features of the copyrighted works. *Id.* The purpose of the

abstraction-filtration process is to separate "ideas (and basic utilitarian functions), which are not protectable, from the particular expression of the work." *Id.* at 1284-85.  That is, "to the extent that certain similarities between a copyrighted work and an allegedly infringing work are inherent in a nonprotectable idea . . . [the court] must filter those similarities out of the comparison." *Country Kids*, 77 F.3d at 1286.

The remaining protected elements, if any, must then be compared to the accused work to determine whether the two works are "substantially similar." *Id*. at 1285.  The Tenth Circuit has explained the test for substantial similarity as follows:

> The traditional test for substantial similarity is whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of substance and value. . . .  The essence of this test is whether the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same. . . .  The touchstone of the analysis is the overall similarities rather than the minute differences between the two works.

*Id.* at 1288 (citations and internal quotations omitted).

Whether works are substantially similar generally is a question for the jury to decide.  *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 943 (10th Cir. 2002).  However, "the court can monitor the 'outer limits' of similarity if 'reasonable minds' could not differ on the question." *Jacobsen*, 185 F.3d at 943 (quoting *King of the Mountain Sports, Inc. v. Chrysler Corp.*, 185 F.3d 1084, 1089 (10th Cir.1999)).  In addition, "a court may find non-infringement as a matter of law where the similarity between the works concerns only non-copyrightable elements of the plaintiff's work." *Sportsman's Warehouse, Inc. v. Fair*, 576 F.Supp.2d 1175, 1195 (D. Colo. 2008) (citing *Warner Bros. Inc. v. Am. Broadcasting Cos.*, 720 F.2d 231, 240 (2d Cir.1983)).

Exhibit L to the Plaintiff's response brief juxtaposes 67 Penmen characters (isolated from the posters that are the subject works) and 67 accused Jake images that have appeared on Life is good products. Defendants' Appendix 3 also provides side-by-side comparisons of the Plaintiff's copyrighted posters and the corresponding accused works.

It is beyond dispute that a poster depicting hundreds of small Penmen characters engaged in various activities is not substantially similar to a tee-shirt with a single stick figure image portrayed on it. Thus, the accused works do not infringe the subject works as a whole (the posters). Reasonable minds could not differ on that question.

The Plaintiff contends that the stick figure images on the accused works were derived from the copyrighted works. The Plaintiff argues that because 17 U.S.C. § 106(2) provides the copyright owner with the exclusive right to prepare derivative works, the proper comparison is between individual Penmen characters (extracted from the posters) and individual Jake images extracted from the context of the accused works.

That argument is not persuasive. Characterizing an accused work as a derivative work does not avoid the requirement of substantial similarity. *See Litchfield v. Spielberg*, 736 F.2d 1352, 1357 (9th Cir. 1984) ("[A] work is not derivative unless it has been substantially copied from the prior work.") The works must be compared as they were presented to the public. *Feder v. The Videotrip Corp.*, 697 F. Supp. 1165, 1171 (D. Colo. 1988).

Even if the proper comparison is the one the Plaintiff suggests, the Plaintiff's claim of copyright infringement fails. The Plaintiff relies on a study conducted by Dr. Richard Waterman PhD as evidence of substantial similarity between Penman images and the accused Jake images. (Pl.'s Ex. M.) The Waterman study is not admissible because it is flawed. In addition, expert

testimony on the issue of substantial similarity is not necessary because the standard is the "ordinary observer" test, and application of that standard does not require the assistance of expert testimony.

Importantly, the "probative similarity" which could support a finding of copying is not the same as the "substantial similarity" required to prove infringement of protectable elements of the copyrighted work.  *See Country Kids*, 77 F.3d at 1284-1286 (explaining infringement analysis); *see also Universal Athletic Sales Co. v. Salkeld*, 511 F.2d 904, 907 (3d Cir. 1975) ("[S]ubstantial similarity to show that the original work has been copied is not the same as substantial similarity to prove infringement.")

"One of the fundamental tenets of copyright law is that protection extends only to the author's original expression and not to the ideas embodied in that expression." *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 836 (10th Cir. 1993); *see e.g., Mattel, Inc. v. MGA Entm't, Inc.,* 616 F.3d 904, 917 (9th Cir. 2010) (holding the plaintiff could not "claim a monopoly over fashion dolls with a bratty look or attitude, or dolls sporting trendy clothing [because] these are all unprotectable ideas.")

"[T]he *scenes a faire* doctrine identifies and excludes from protection against infringement expression whose creation flowed naturally from considerations external to the author's creativity." *Mitel*, *Inc. v. Iqtel, Inc.*, 124 F.3d 1366, 1375 (10th Cir. 1997).  Material that is standard, stock, common to a particular topic, or that "'necessarily follow[s] from a common theme or setting'" is not protected. *Autoskill*, 994 F.2d at 1494 (quoting 3 *Nimmer on Copyright* § 13.03[B][4], at 13-70(1992)).

The Plaintiff argues that the *scènes à faire* doctrine applies only to literary works. That argument misses the point. "Regardless of the method of distilling the protectable aspects of the [copyrighted work], the ultimate question is whether [the accused work] is 'substantially similar' to protectible aspects of [the copyrighted work]." *Jacobsen,* 287 F.3d at 943 n.5.

Stick figures are by definition simple. *See Universal Athletic Sales Co.*, 511 F.2d at 909 (stating that the use of stick figures involves only "minimal amount of creativity")  In this case, similarities resulting from common themes and general concepts such as the idea of a person skateboarding, playing frisbee, playing a musical instrument, holding a birthday cake, roasting a marshmallow over a campfire, or holding his hand in a peace sign are excluded from protection. Likewise, poses are excluded from protection to the extent such poses are suggested by the activities themselves.  (*See* Defs.' App. 2, side-by-side comparison of Penmen characters engaged in particular activities and photographs of persons engaged in the same activity.) Similarities flowing from anatomical features (a head, torso, arms, legs, hands, and feet) cannot support a claim of infringement.  Expression that cannot be separated from the idea is not protected.  *See, e.g., Sportsman's Warehouse, Inc.*, 576 F.Supp.2d at 1195 ("Courts routinely find that depictions of animals are unprotectable because the expression of the animal in nature has merged with the idea of the animal.")

When unprotectable elements are filtered from the Penmen characters, the remaining original expression that is subject to protection is thin.  There are significant differences between the Penmen characters and accused Jake images with respect to color, the orientation of the body, the relation of the body to the head, expression, clothing and other features.  (*See* Defs.' App. 3.)   Similarities between the Penmen images and the accused Jake images flow from

considerations external to the Plaintiff's creativity, such as common themes and natural poses. Consequently, there is no infringement.

Proof of copyright infringement is an essential element of a claim of contributory infringement. Because the Plaintiff cannot establish his claim of copyright infringement, the Plaintiff's claim of contributory infringement also fails.

Accordingly, it is

ORDERED that the Defendants' motion for summary judgment is granted. The Clerk shall enter judgment for the Defendants, dismissing the Second Amended Complaint and this civil action and awarding costs.

Dated:  September 19, 2011

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge