IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 09-cv-02865-RPM

GARY D. BLEHM,

      Plaintiff,

v.

ALBERT A. JACOBS,
JOHN JACOBS,
THE LIFE IS GOOD COMPANY f/k/a LIFE IS GOOD, INC.,
LIFE IS GOOD WHOLESALE, INC., and
LIFE IS GOOD RETAIL, INC.,

      Defendants.

---

## ORDER DENYING THE DEFENDANTS' MOTION FOR RECOVERY OF FULL COSTS PURSUANT TO 17 U.S.C. § 505

---

The plaintiff's copyright claims were dismissed on summary judgment by order entered on September 19, 2011, holding that the accused images were not substantially similar to the legally protectable elements of the plaintiff's copyrighted Penmen images appearing on his posters. This court denied summary judgment on the defenses of access with opportunity to copy and independent creation because of material factual disputes.

On October 3, 2011, the Defendants moved for recovery of full costs pursuant to Fed.R.Civ.P. 54(d) and 17 U.S.C. § 505, which provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

-1-

17 U.S.C. 505.  The Defendants requested attorney's fees in the amount of $336,775.71 and

other litigation costs and expenses in the amount of $13,368.57.

On October 17, 2011, the Plaintiff filed a notice of appeal.

On October 25, 2011, the Clerk taxed costs in the amount of $8,832.66 against the

Plaintiff. (#59).

The Plaintiff opposed the Defendants' motion for recovery of full costs on October 27,

2011.

This Court granted a stay of execution of the judgment upon the Plaintiff's deposit of a

supersedeas cash bond in the amount of $8,832.66.  (Order #65, Nov. 9, 2011).

The Tenth Circuit affirmed the judgment in a published opinion, holding that there was

no substantial similarity between the accused images and the protectable elements of the Penmen

images.  *Blehm v. Jacobs*, 702 F.3d 1193 (10th Cir. 2012).  The Tenth Circuit did not address

Life is Good's proposed alternative bases for affirmance.

On the issue of substantial similarity, the Tenth Circuit reached the same ultimate

conclusion as this court, but applied a somewhat different analytical framework. To separate

unprotectable ideas from the protectable expression in the Plaintiff's works, this court applied

the abstraction-filtration-comparison" approach (which the Defendants had advocated).  The

Tenth Circuit observed that this case did not require application of the "abstraction-filtration-

comparison" approach, noting that the appropriate test for separating unprotectable ideas from

the protectable expression "may vary depending upon the claims involved."  702 F.3d at 1200

n.4.

This court stated that after separation of the unprotected elements of the Plaintiff's works,

any remaining protected expression in Blehm's works as "thin."  The Tenth Circuit disagreed with that characterization and stated,"Even assuming the distinction between 'broad' and 'thin' protection is correct, Mr. Blehm's works would not necessarily fall in the 'thin' protection category."  702 F.3d at 1204 n.6.

This court determined that "a poster depicting hundreds of small Penmen characters engaged in various activities is not substantially similar to a tee-shirt with a single stick figure image portrayed on it."  The Tenth Circuit stated that this court's poster-to-tee shirt comparison was improper and the correct analysis required comparison of the individual accused Jake images with individual Penmen characters.  702 F.3d at 1203 n. 5.

This court's analysis included that comparison and found no substantial similarity.  The Tenth Circuit conducted a de novo review of substantial similarity by focusing primarily on two individual images (the peace sign images and the frisbee images).  The Tenth Circuit found no substantial similarity and affirmed the grant of summary judgment on that basis.

The mandate issued on January 18, 2013.

In a Supplemental Statement dated February 20, 2013, the Defendants' renewed their motion for recovery of full costs and requested additional attorney's fees of $110,853.45 and additional costs of $5,790.22, which they incurred in connection with the appeal.

On March 8, 2013, the Plaintiff supplemented his opposition to the Defendants' motion, arguing that the Tenth Circuit's opinion showed that this was a close case and the Plaintiff's claims were not baseless.

The Plaintiff's supplemental statement does not challenge the reasonableness of the fees billed by the Defendants' counsel.  The Plaintiff does challenge certain of the requested costs.

Under 17 U.S.C. § 505, the question of whether fees should be awarded to the prevailing party is a matter of discretion.  *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 524 n. 11 (1994) ("[D]istrict courts are to use their discretion in awarding attorney's fees and costs to the prevailing party.").

In *Fogarty*, the United States Supreme Court suggested that a district court faced with a motion under section 505 should consider the following factors:  "frivolousness, motivation, objective unreasonableness (both in the factual and the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogarty*, 510 U.S. at 534 n. 19 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)).  The Supreme Court explained that "[t]here is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations we have identified. " 510 U.S. at 534 (internal quotations and citation omitted). *See also Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1200 (10th Cir. 2005) (recognizing that a determination under section 505 is a matter of discretion to be guided by the nonexclusive *Fogarty* factors).

The Defendants do not assert that this action was frivolous or prosecuted in bad faith. The main question is whether the Plaintiff's claim was objectionably reasonable.  Comparing the appellate court's comparison analysis with this court's finding, the necessary conclusion is that the determinative question of substantial similarity is fairly debatable.  Mr. Blehm's pursuit of this action was reasonable.

The denial of the Defendants' motion will not do any disservice to the purposes of the Copyright Act.  It is

ORDERED that the Defendants' motion for recovery of full costs is denied.

Dated:  March 28, 2013

BY THE COURT:


s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge